# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2014

JOE O. RODRIGUEZ, JR.,

Lyle W. Cayce
Clerk

Plaintiff-Appellant

v.

BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans; RECONTRUST COMPANY, N.A.,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-133

Before KING, JOLLY, and PRADO, Circuit Judges.

PER CURIAM:[*]

Joe O. Rodriguez, Jr., filed a pro se complaint in Texas State Court against Bank of America, N.A. (BOA) and Recontrust Co., N.A. (Recon) alleging that the property located at 1211 Washington Street in Alice, Texas, was improperly sold following foreclosure because BOA did not possess the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40096

promissory note that was secured by the Washington Street property.[1]  The Defendants moved for summary judgment asserting, among other things, the affirmative defense of res judicata.  The district court granted summary judgment to all Defendants.  Rodriguez appeals.

We review the grant of summary judgment de novo.  *Stauffer v. Gearhart,* 741 F.3d 574, 581 (5th Cir. 2014).  A district court may grant summary judgment under Federal Rule of Civil Procedure 56 if the record demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a); *Stauffer,* 741 F.3d at 581.  Under the doctrine of res judicata or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (internal quotation marks and citation omitted).  A claim is barred by the doctrine of res judicata if the following four requirements are met: "(1) the parties must be identical in the two actions; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same claim or cause of action must be involved in both cases."  *Id.* (internal quotation marks and citation omitted).

With respect to BOA, summary judgment was properly granted on the basis of res judicata.  There is no dispute that BOA was a defendant in Rodriguez's prior lawsuit, thus satisfying the first requirement.  The second requirement is met because it has not been disputed that the federal district court for the Southern District of Texas was a court of competent jurisdiction to resolve the prior suit.  Rodriguez's principal challenge to the res judicata bar

[1] The case was originally brought against Recon and "Countrywide Home Loans Servicing, L.P. or Bank of America, N.A., as Successor by Merger to BAC Home Loans Servicing, L.P."  Only BOA and Recon are parties to the appeal.

is his assertion that the district court did not satisfy the third requirement because it did not address his case on the merits. Rodriguez's allegations of errors in the dismissal of the first action that was not appealed does not defeat an assertion of res judicata. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99 (1981). His argument that the prior order was not an adjudication on the merits because the district court did not state that the dismissal was with prejudice as required by Federal Rule of Civil Procedure 41(a)(2) is without merit because Rule 41(a)(2) applies to voluntary dismissals. Rule 41(b), however, specifically provides that, with some exceptions that do not apply here, a dismissal for failure to prosecute operates as an adjudication on the merits. *See Nielsen v. United States*, 976 F.2d 951, 957 (5th Cir. 1992). As noted above, the fourth requirement is that the same cause of action must be involved in both cases. As found by the district court, Rodriguez's complaint, that the defendants did not have the authority to foreclose on his property, is based upon the same nucleus of operative facts as his prior suit. Rodriguez does not dispute this finding.

With respect to the claims against Recon, the district court properly granted summary judgment on the merits. Rodriguez's various claims are all premised on a "show me the note" theory—i.e., Rodriguez argues that the Defendants did not have the authority to foreclose on his home because they were not owners and holders of the note and deed of trust. However, "the mortgage servicer need not hold or own the note and yet would be authorized to administer a foreclosure." *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Moreover, based on the summary judgment evidence, there is no genuine dispute of material fact that the defendants had the authority to foreclose. Defendants have provided unrebutted evidence that

No. 14-40096

BOA was assigned the deed of trust and that the note was in default.[2] Furthermore, Rodriguez does not have standing to challenge the assignment, as "under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor." *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013). Therefore, the district court did not err in granting summary judgment in favor of Recon.

The grant of summary judgment in favor of Defendants is AFFIRMED.

---

[2] The district court correctly denied Rodriguez's motion to strike the declaration of Jessica L. Valdez as impermissible hearsay. We have reviewed that declaration and conclude, as did the district court, that it qualifies under the business records exception to the hearsay rule. *See* Fed. R. Evid. 803(6).