# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40168
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**
July 20, 2017

Lyle W. Cayce
Clerk

JOE O. RODRIGUEZ, JR.,

Plaintiff - Appellant

v.

BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans;
RECONTRUST COMPANY, N.A.,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:13-CV-133

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Joe O. Rodriguez, Jr., who proceeds *pro se* in this appeal, filed a *pro se* complaint in Texas state court against Countrywide Home Loans Servicing, L.P., Bank of America, N.A. (BOA), and Recontrust Co., N.A. (Recon), claiming his property was sold improperly following foreclosure because BOA did not possess the promissory note that was secured by the property. Following

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

removal to federal court, summary judgment was awarded on the grounds of *res judicata* to all defendants except Recon; Recon was granted summary judgment on the merits. Our court affirmed. *Rodriguez v. Bank of America, N.A.*, 588 F. App'x 356 (5th Cir. 2014).

Rodriguez then moved for relief from judgment pursuant to various sections of Federal Rule of Civil Procedure 60. The district court found the Rule 60(b)(2) and (b)(3) claims had not been brought within a reasonable time, and were therefore barred under Rule 60(c)(1). (Rodriquez does not challenge these conclusions on appeal.) Additionally, the court ruled Rodriguez' factual assertions were conclusory and did not support his remaining Rule 60(d)(3) and (b)(4) claims for post-judgment relief.

First, Rodriguez maintains the court erred in denying his fraud-on-the-court claim under Rule 60(d)(3), in which he alleged evidence was withheld during discovery. The denial is reviewed for abuse of discretion. *E.g.*, *Buck v. Thaler*, 452 F. App'x 423, 431 (5th Cir. 2011). In making this claim, however, Rodriguez has simply repeated his allegations, which the district court deemed to be conclusory. Accordingly, Rodriguez has not proven his assertions, and the court did not abuse its discretion in denying relief under Rule 60(d)(3). *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338–39 (5th Cir. 1978); *see also Buck*, 452 F. App'x at 431.

Next, Rodriguez asserts the court erred in denying relief under Rule 60(b)(4), contending the original judgment was void for lack of jurisdiction. Because it is a jurisdictional issue, Rule 60(b)(4) claims are reviewed *de novo*. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998). A judgment is void under Rule 60(b)(4) only if the court lacked subject-matter or personal jurisdiction, or if it "acted in a manner inconsistent with due process of law". *Id.* at 1006 (internal quotations marks and citation omitted). Rodriguez' lack-

of-jurisdiction assertion relies on the validity of his withheld-evidence claims, which the district court dismissed.  Therefore, he has not shown either a jurisdictional flaw or a violation of procedural due process.

AFFIRMED.